UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FREDERICK LOCKHART, Individually and on behalf of all others similarly situated,

                Plaintiff(s),

v.

CARLOS COREAS, J & E MEAT CORP., MARIA OJEDA, SABRINA'S CHECK CASHING INC., SHAO MEI ZHEN, TROPICAL JERK & SEAFOOD CENTER, INC., and TWO COUNTY REALTY CO.,

                Defendants.
------------------------------------------------------------------x

Docket No.
10 CV 1644 (SJF) (MLO)
ECF Case

**Electronically Filed**

MEMORANDUM OF LAW
IN SUPPORT OF MOTION
FOR
SUMMARY JUDGMENT

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**GLEN H. PARKER, ESQ.**
**HOEY, KING, TOKER & EPSTEIN**

## PRELIMINARY STATEMENT

Defendant would not have to burden the Court with this motion if plaintiff articulated exactly how defendant allegedly violated the law and then accepted what the law actually requires instead of plaintiff's counsel personal view of what should be done. As explained in great detail below, summary judgment is proper and warranted because the Complaint fails to state sufficient facts to state a legal claim against Sabrina and, even if it did, no injunctive relief can be awarded since Sabrina's premises comply with what the law requires. Accordingly, defendant Sabrina's Check Cashing Inc. submits this Memorandum of Law in support of its motion to dismiss plaintiff's Complaint and for such other relief as the Court deems proper, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Defendant Sabrina respectfully refers this Honorable Court to the Statement of Material Facts pursuant to Local Civil Rule 56.1 and the attached affidavit of Jack Kaywood for a complete and accurate statement of facts.

# ARGUMENT

## POINT I

### PLAINTIFF STATES NO VIABLE CLAIM AGAINST SABRINA

In his first three causes of action, plaintiff makes claims of disability discrimination in violation of Title III of the Americans with Disabilities Act, the New York State Human Rights Law; and the New York Civil Rights Law. See Exhibit "A" to Declaration of Glen H. Parker, Esq. Claims for disability discrimination arising under the New York State Human Rights Law or New York Civil Rights Law are governed by the same legal standards as federal disability claim. *See Hartnett v. Fielding Graduate Institute,* 400 F.Supp.2d 570, 581 (S.D.N.Y.2005); and *Samper v. Univ. of Rochester,* 144 A.D.2d 940, 535 N.Y.S.2d 281 (4th Dep't 1988).

Title III of the Americans with Disabilities Act of 1990 ("Title III") "proscribes discrimination against the disabled in public accommodations." *Powell v. Nat'l Bd. of Med. Exam'rs,* 364 F.3d 79, 85 (2nd Cir.), corrected, 511 F.3d 238 (2nd Cir. 2004). Specifically, Title III prohibits discrimination upon the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

To establish a *prima facie* violation of Title III, a plaintiff must demonstrate "(1) that he is disabled within the meaning of the ADA, (2) that defendant owns, leases, or operates a place of public accommodation, and (3) that defendant discriminated against him by denying him a full and equal opportunity to enjoy the services defendant provides." *Camarillo v. Carrols Corp.,*

518 F.3d 153, 156 (2nd Cir. 2008). For purposes of this motion, only the last element is in dispute.

As explained below, this action against Sabrina must be dismissed because plaintiff fails to identify any Title III violation actually committed by Sabrina. Plaintiff has filed three Complaints in this action – Complaint, Amended Complaint, and Second Amended Complaint[1]. See Exhibit "A" to Declaration of Glen H. Parker, Esq. In all three Complaints, plaintiff articulates facts giving rise to violations against each of the codefendants. *Id*. But none of the three Complaints articulate a violation of law by Sabrina aside from plaintiff's conclusory allegations that all the defendants have committed discrimination. *Id*. Plaintiff's inability to allege facts giving rise to an actual violation by Sabrina warrants dismissal.

Plaintiff's Complaints cannot even survive the lesser standard of review on a motion made pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure - that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). And a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal,* 77 U.S. 4387, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Here, the pleadings against Sabrina must be dismissed as they alleged "naked assertions"

---

[1] Plaintiff has filed a motion to serve a Second Amended Complaint.

of discrimination devoid of any factual enhancement. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 1950. The Complaints here fail to give Sabrina any notice of a specific violation of law as well as notice of the conduct by Sabrina allegedly giving rise to that legal violation. Given the total absence of factual allegations and specific legal violations against Sabrina, the action against Sabrina must be dismissed.

But even if plaintiff's Amended Complaint survives dismissal for the reasons outlined above, this action fails because Sabrina's premises are not in violation of Title III. During this litigation and before Your Honor, defendant's counsel has repeatedly asked plaintiff to identify what the alleged Title III violation is or are. Plaintiff's responses have been a moving target, vague, evasive and deeply frustrating.

The best that can be derived from plaintiff's responses boils down to the question of law of whether the teller windows inside Sabrina's premises comply with the ADA. To answer this question of law, the ADA Accessibility Guidelines provide the standard for determining a violation of the ADA. See ADA Accessibility Guidelines ("ADAAG"), 28 CFR Part 36, App. A, revised July 1, 1994; and s*ee also Wilson v. Pier 1 Imports, Inc.,* 2006 WL 1991450, *6-7 (E.D.Cal. July 14, 2006); and *Eiden v. Home Depot USA, Inc.,* 2006 WL 1490418, *8 (E.D.Cal. May 26, 2006). Put another way, compliance with the ADAAG, and not another standard, constitutes compliance with the ADA requirements. See *Gathright-Dietrich v. Atlanta Landmarks, Inc.,* 435 F.Supp.2d 1217, 1226 (N.D.Ga. 2005), *aff'd.* 452 F.3d 1269 (11th Cir.

4

2006) (stating that the ADAAG may be used to determine whether a barrier exists); and *Access Now, Inc. v. Southern Fla. Stadium Corp.,* 161 F.Supp.2d 1357, 1368 (S.D. Fla. 2001).

ADAAG Section 7.2 is entitled "Sales and Service Counters, Teller Windows, Information Counters." See Exhibit "C" to Declaration of Glen H. Parker, Esq. ADAAG Section 7.2(1) applies to department stores and miscellaneous retail stores that have cash registers. ADAAG Section 7.2(2) applies to "teller stations in a bank" and other counters that do not have a cash register. *See Association for Disabled Americans Inc. v. Key Largo Bay Beach, LLC.,* 407 F.Supp.2d 1321, 1342 (S.D. Fla. 2005) (Under ADAAG 7. 2(1), a lowered portion of a sales counter is required only where the sales counter has a cash register. Otherwise, ADAAG 7. 2(2) permits the use of auxiliary counters, folding shelves, and alternate desks to take the place of lowered counters.).

ADAAG Section 7.2(2) is applicable standard here for at least two reasons. First and most dispositive is the fact that Sabrina has no cash registers at its teller windows. See Affidavit of Jack Kaywood paragraph 4 and exhibit "F" thereto. Sabrina does not use cash registers and no customer transaction are done with a cash register. *Id.* Second, Sabrina's operations closely resemble a bank and its teller windows are identical to "teller stations in bank" because Sabrina is licensed to operate a check-cashing store by the New York State Banking Department. *Id.* at paragraph 2. And Sabrina's operations are governing by New York State Banking Law. See McKinney's New York State Banking Law, Sections 367 and 369; and *see also Tze Chun Liao v. New York State Banking Dept.*, 74 N.Y.2d 505, 548 N.E.2d 911, 549 N.Y.S.2d 373 (N.Y. Court

of Appeals 1989) for an explanation of the how the banking law governs the check-cashing business. Accordingly, section 7.2(2) of the ADAAG applies to Sabrina.

ADAAG Section 7.2(2) provide three ADA compliant options for teller stations in a bank and counters that do not have a cash register but at which goods or services are sold or distributed and those options are:

> (i) a portion of the main counter which is a minimum of 36 in (915 mm) in length shall be provided with a maximum height of 36 in (915 mm); or
>
> (ii) an auxiliary counter with a maximum height of 36 in (915 mm) in close proximity to the main counter shall be provided; or
>
> (iii) equivalent facilitation shall be provided (e.g., at a hotel registration counter, equivalent facilitation might consist of: (1) provision of a folding shelf attached to the main counter on which an individual with disabilities can write, and (2) use of the space on the side of the counter or at the concierge desk, for handing materials back and forth).

See Section 7.2 of 28 CFR Part 36, App. A, revised July 1, 1994.

Here, Sabrina complies with ADAAG Section 7.2(2)(ii) and/or 7.2(2)(iii). Sabrina has only one main counter in its premises where only 324.5 square feet is devoted to customers. See Affidavit of Jack Kaywood, paragraph 5. In close proximity and immediate adjacent to the main counter, Sabrina provides an auxiliary counter with a height of 32 inches. *Id.* at paragraph 6. As a matter of law, Sabrina's auxiliary counter complies with the requirements of ADAAG Section 7.2(2).

What is more, directly above this auxiliary counter is sign containing the handicapped symbol and text stating "We are handicapped accessible if you require any assistance please do not hesitate to ask". See Affidavit of Jack Kaywood, paragraph 7 and exhibit "I" attached thereto. If asked for assistance, a teller will leave their teller station window, exit the security door and go directly to the customer inside the store and conduct the transaction at the auxiliary counter. *Id.* A disabled person can use the auxiliary counter for writing and/or for handing materials back and forth to the teller without any partition between the employee and customer. *Id.*

Since Sabrina opened for business, Sabrina employees have frequently helped customers with disabilities. See Affidavit of Jack Kaywood, paragraph 8. Sabrina employees regularly leave their teller station window, exit the security door and go directly to the customer inside the store. *Id.* Sabrina employees then transact business with the customer face to face and without any security partition. *Id.* Sabrina employees perform these close proximity transactions when asked to do so by the customer or when a Sabrina employee believes that a close proximity transaction would better serve the customer. *Id.* Therefore, Sabrina's auxiliary counter and employee assistance complies with the equal facilitation requirements of ADAAG Section 7.2(2)(iii).

Sabrina moves for summary judgment because it complies with the ADAAG and thus, there is no genuine issue of material fact remaining on plaintiff's disability claims. Faced with similar factual scenarios, courts have dismissed a plaintiff's disability discrimination claims. For example, in *Sanford v. Del Taco, Inc.*, 2006 WL 2669351 at *2 -*3 (E.D.Cal. 2006), the plaintiff

asserted that the sales counter was 35 inches high and therefore did not provide enough clear space under the counters for wheelchair patrons to maneuver. The Court held that the "ADAAG requires that all counters in retail facilities have a maximum height of 36 inches so that wheelchair patrons can reach the counters. ADAAG 7. 2." The Court then granted summary judgment to the defendant because the counters at issue were 35 inches high and therefore within the maximum height requirement. *Id*; and *see also Association for Disabled Americans Inc. v. Key Largo Bay Beach, LLC.*, 407 F.Supp.2d 1321, 1342 (S.D. Fla. 2005) (plaintiff failed to show entitlement to injunctive relief when the counters had no cash registers and lower tables were available for use next to the counter and thus satisfied ADAAG 7.2(2) standards).

While plaintiff concedes that Section 7.2 of the ADAAG controls here, plaintiff's counsel spuriously argues that compliance with Section 7.2(2)(ii) and/or (iii) satisfies the law. Indeed, plaintiff's counsel irrational refusal has caused the defendant and this Court to spend its time and energies on this straightforward question of law.

Plaintiff's counsel initial objection to Sabrina was that it could not use Section 7.2(2)(ii) because it had cash registers. But when he learned that Sabrina has no cash registers, plaintiff's counsel brazenly represented to the Court and defendant's counsel that the 1994 version of the ADAAG was no longer valid. Incredibly, plaintiff's counsel then presented to the Court and defense counsel a copy of what plaintiff represented was the current version of ADAAG 7.2. See Exhibit "D" to Declaration of Glen H. Parker, Esq.

But plaintiff's counsel representation and the alleged current version of ADAAG 7.2 are

8

false. As discussed above, the December 2008 Second Circuit Court of Appeals decision of *Roberts, supra,* cites to the 1994 version as the only binding version of the ADAAG. *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 375 (2nd Cir. 2008). Contrary to plaintiff's counsel representation to the Court, the ADAAG with the 1994 revisions is the most current and binding version. *See Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 375 (2nd Cir. 2008); and *Fiedler v. Ocean Properties, Ltd.*, 683 F.Supp.2d 57, 66 (D.Me. February 2010). The version of ADAAG 7.2 that plaintiff's counsel represented to the Court as current and binding is never cited in the caselaw or in 28 CFR Part 36, App. A. In fact, the website for the promulgator of the ADAAG (U.S. Department of Justice) likewise confirms that 1994 version is binding today. See http://www.ada.gov and http://www.ada.gov/adastd94.pdf.

So plaintiff's objections are both frivolous and without legal support. Because no relief is available to plaintiff, this case is moot thereby requiring the Court to dismiss this action for lack of subject matter jurisdiction. *Fox v. Bd. of Trustees of the State Univ. of N.Y.,* 42 F.3d 135, 140 (2nd Cir. 1994) ("When a case becomes moot, the federal courts 'lack subject matter jurisdiction over the action'"). In order for the Court to have subject matter jurisdiction over a case, "it is not enough that a dispute was very much alive when suit was filed… the parties must continue to have a personal stake in the outcome of the lawsuit." *Knaust v. City of Kingston,* 157 F.3d 86, 88 (2d Cir. 1998). "Emotional involvement [in] a lawsuit is not enough to meet the case or controversy requirement." *Ashcroft v. Mattis,* 431 U.S. 171, 172-73, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977). Plaintiff's action must be dismissed as against Sabrina because no injunctive relief is available to plaintiff thereby rendering this action moot.

## POINT II

### THE NASSAU COUNTY ADMINISTRATIVE CODE PROVIDES NO PRIVATE CAUSE OF ACTION TO PLAINTIFF

The Fourth Cause of Action alleges that the defendants violated the Nassau County Administrative Code, which prohibits discrimination on the basis of disability, actual or perceived, in public accommodations. See Nassau County Administrative Code § 21-9.8 (3). But Section 21-9.9 entitled "Enforcement" dictates that "[i]t shall be the duty of the Nassau County Commission on human rights to receive and investigate complaints and to initiate its own investigations of violations of this title....". Because a violation of this statute does not vest a private plaintiff with a claim, plaintiff has no private legally cognizable cause of action in this Court and so this claim must be dismissed. *See Chesney v. Valley Stream Union Free School Dist. No. 24,* 2006 WL 2713934 at *10 (E.D.N.Y. 2006) (dismissing Nassau County Administrative Code discrimination claim for identical reason).

## POINT III

### THE COURT SHOULD DECLINE JURISDICTION OVER THE STATE LAW CLAIMS IF ANY OF THOSE CLAIMS SURVIVE

In the event that the Court declines to dismiss any of the State law claims, defendant respectfully requests that the Court decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(c)(3).

## CONCLUSION

Defendant, Sabrina's Check Cashing Inc., respectfully requests that this Court grant its motion for summary judgment to dismiss the Complaint, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for such further relief as this Court deems just and proper.

DATED:   August 10, 2010
         New York, New York

> Yours, etc.,
> HOEY, KING, TOKER & EPSTEIN
> Attorneys for Defendant,
> **Sabrina's Check Cashing Inc.**
> Office and Post Office Address
> 55 Water Street, 29th Floor
> New York, New York 10041-2899
> (212) 612-4200
>
> By: /s
> _____
> Glen H. Parker

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x      Index No.:   10CV1644
FREDERICK LOCKHARG, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY SITUATED,

                    Plaintiff (s),             AFFIDAVIT OF SERVICE
            v.

CARLOS COREAS, J & E MEAT CORP., MARIA
OJEDA, SABRINA'S CHECK CASHING INC., SHAO
MEI ZHEN, TROPICAL JERK & SEAFOOD CENTER,
INC., AND TWO COUNTY REALTY CO.,

                    Defendants.
----------------------------------------x
STATE OF NEW YORK       )
                        ss.
COUNTY OF NEW YORK)
```

Maria E. Simeone, being duly sworn, deposes and says:
1. That I am over the age of eighteen years and not a party to this action.
2. That on August 10, 2010, I served upon:

James E. Bahamonde, P.C.
Attorneys for Plaintiff, Frederick Lockhart, Indiviually and on behalf of all others similarly
2501 Jody Court
North Bellmore, New York 11710

Brill & Associates
Attorneys for Defendant, Two County Realty Co.
111 John Street, Suite 1070
New York, New York 10038

a true copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** by depositing it endorsed in a postpaid properly addressed wrapper, in a post office or, official depository under the exclusive care and custody of the United States Postal Service within the State of New York, at the address designated by him or her upon the last paper served by him or her in the action.

DATED:   August 10, 2010
         New York, New York

_____
Maria E. Simeone

Sworn and subscribed
before me on August 10, 2010

_____
Notary Public

JOHN A. SERIO
Notary Public, State of New York
No. 01SE6066380
Qualified in New York County
Commission Expires March 23, 2014