UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FREDERICK LOCKHART, individually and on behalf
of all others similarly situated,

                       Plaintiff,

          -against-

CARLOS COREAS, J & E MEAT CORP., MARIA
OJEDA, SABRINA'S CHECK CASHING INC., SHAO
MEl ZHEN, TROPICAL JERK & SEAFOOD CENTER,
INC. and TWO COUNTY REALTY LLC,

                       Defendants.
------------------------------------------------------------------------x

Docket No. 10-CV-1644
(Judge Sandra Feuerstein)
(M.J. James Orenstein)

MEMORANDUM OF LAW

# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS CROSS MOTION TO
# AMEND THEIR ANSWER AND IN OPPOSITION TO
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BRILL & ASSOCIATES, P.C.**
*Attorneys for Defendant Two County Realty*
111 John Street, Suite 1070
New York, New York 10038
(212) 974-9101

## PRELIMINARY STATEMENT

The instant Memorandum of Law is submitted in support of Two County Realty LLC's cross motion to amend its Answer and in opposition to plaintiff's motion for summary judgment/injunctive relief.

As will be demonstrated below, Two County Realty, LLC should be entitled to leave to amend its answer to assert an affirmative defense, as discovery has not yet concluded and plaintiff addresses the very defense that is being sought to be added in the amended complaint in his motion papers.

Further, it will be demonstrated that plaintiff's motion must be denied in its entirety as he has failed to provide admissible evidence sufficient to establish his burden of demonstrating that an alteration was undertaken at the subject property as defined by the ADA and issues of fact exist regarding whether his proposed modifications are readily achievable. Both of these issues preclude an award of summary judgment at this juncture.

## Limited Counter Statement of Facts

For the purposes of this motion, Two County Realty, LLC does not dispute that plaintiff is disabled as defined by the ADA or that he frequents the businesses located at defendant's property. What is disputed is whether sufficient admissible evidence has been presented evidencing plaintiff's claims that alterations have been undertaken at the subject property as defined by the ADA. Further, it is disputed that plaintiff's proposed modifications are "readily achievable" as defined by the ADA.

## ARGUMENT

### POINT I

### LEAVE TO AMEND DEFENDANT TWO COUNTY REALTY, LLC's ANSWER

*F.R.C.P. Rule 15(a)(2)* provides that courts should grant leave to amend freely "when justice so requires." Generally, courts favor amendments to pleadings to facilitate a proper decision on the merits. See, *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y.1998)

The Second Circuit's "rule" has been to allow parties to amend its pleadings in the absence of a showing of prejudice or bad faith. See, *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2nd Cir.1993).

Defendant, Two County Realty, LLC, wishes to amend its answer to include the affirmative defense that plaintiff's proposed modifications to the sidewalk and walkways outside the Carmelina Pupuseria and Tropical Jerk & Seafood restaurants are not "readily achievable" as defined by 42 U.S.C. §12181(9).

This amendment is being sought for the first time in response to plaintiff's motion, as the owners of Two County Realty, LLC were under a good faith belief that they did not own the portions of the sidewalk extending from the restaurants to the curb (which is noted in plaintiff's motion) at the time the initial Answer was interposed. As Two County Realty, LLC has become aware that they own at least a portion of that sidewalk area, it now wishes to assert the affirmative defense of "readily achievable" and that the modifications being sought are disproportionate to any alleged alteration performed.

Such an amendment will not prejudice the plaintiff as the discovery schedule for this matter remains open until June 17, 2011 (Docket #86).

Further, plaintiff cannot claim prejudice as its motion specifically addresses the issue of readily achievable in pages 13-15 and the Declarations of Kleo King and John Meyer (and the exhibits attached thereto) were offered specifically to address arguments surrounding whether plaintiff's proposed modifications are "readily achievable". Thus, the proposed amendment would not require plaintiff to expend significant additional resources to conduct discovery and will not significantly delay resolution of the instant dispute. See, *Block*, 988 F.2d at 350.

Accordingly, Two County Realty, LLC should be granted leave to amend its answer to assert the affirmative defense of "readily achievable" and that the proposed modifications are disproportionate to any alleged alterations as defined by the ADA, as set forth in the proposed amended answer included with the Declaration of Haydn J. Brill at Exhibit A.

## POINT II

## PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT AS ISSUES OF FACT EXIST AS TO WHETHER PLAINTIFF'S PROPOSED MODIFICATIONS ARE READILY ACHIEVABLE AS DEFINED BY 42 U.S.C. §12181(9)

### A.  Standard for Summary Judgment

Summary judgment is appropriate when the pleadings and **admissible** evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See, *F.R.C.P. Rule 56(a)*.

The moving party has the initial burden of tendering sufficient evidence, demonstrating the absence of any genuine issue of material fact. After the moving party has satisfied its initial burden, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *F.R.C.P. Rule. 56(e)*, See also, *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2502, 2511 (1986).

The Court's have noted that the granting of summary judgment is a drastic measure and is more than a technical procedure as it adjudicates the substantive rights of parties. See, *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998), citing, *Hoffman v. Babbitt Bros. Trading Co.*, 203, F.2d 636, 637 (9th Cir.1953). The denial of a motion for summary judgment does not decide anything about the merits of a claim but simply decides that a claim cannot be adjudicated at the given time. See, *Switzerland, Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.Ed. 2d 23 (1966). Further, the Courts have even noted that a motion for summary judgment is a "drastic procedural weapon because its prophylactic function, when exercised, cuts off a party's right to present his case to the jury." *Garza v. Marine Transp. Lines*, 861 F.2d 23, 26 (2d Cir.1988)

In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. See, *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. See, *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993)

For the reasons set forth below, it is respectfully submitted that plaintiff has not sustained his burden of establishing a prima facie entitlement to summary judgment.

**B.     Plaintiff has failed to provide any admissible proof to satisfy its initial burden of demonstrating the existence of an alteration.**

Plaintiff's motion seeks relief solely with respect to the sidewalk/walkways/entrances of the Carmelina Pupuseria Restaurant and the Tropical Jerk & Seafood restaurants. Thus, the focus of this motion is limited to those aforementioned areas in front of those two restaurants.

Defendant Two County Realty, LLC does not dispute that plaintiff is an individual with a qualifying disability or that it owns and operates a place of public accommodation.

However, Two County Realty, LLC does dispute the characterization by plaintiff that they own the entire twenty feet of the sidewalk abutting from the subject property to Jerusalem Avenue and the entire ten feet of sidewalk abutting from the subject property to Uniondale Avenue, but will admit that it owns/controls a portion of those sidewalks.[1]

Be that as it may, plaintiff has failed to submit admissible evidence demonstrating that an alteration was undertaken has been undertaken that would trigger any obligations under the ADA to make any modifications to the maximum extent feasible.

---

[1] Plaintiff fails to authenticate the survey upon which John Meyer relied upon in his Affidavit. Further, the survey was clearly not prepared by John Meyer. As such, the survey is inadmissible evidence and the opinions made by Meyer with respect to the survey should be disregarded as they rely on inadmissible evidence for the purposes of this motion.

It is undisputed that the subject property was constructed prior to 1993 and thus, is not considered "new construction" as defined under the ADA. Thus, under 42 U.S.C. §12183(a)(2) and under *Roberts v. Royal Atl. Corp.*, 542 F.3d 363 (2nd Cir.2008), plaintiff bears the burden of identifying a modification to a facility and making a facially plausible demonstration that the modification is an alteration. *Id* at 371.

The only evidence submitted by plaintiff in support of his arguments that "alterations" have been undertaken at the subject property after 1993 are an alleged printout of an itemization of building permits issued by the Town of Hempstead and an alleged petition for a building permit to make $65,000.00 worth of architectural modifications. There has been no foundation laid to authenticate either of those documents/exhibits and as such, they are inadmissible for the purposes of summary judgment and should be disregarded in their entirety.

Further, the inadmissible documents merely appear to make reference to the fact that a permit was issued, not that any work was actually performed at the property.

Accordingly, plaintiff cannot make a prima facie showing based upon admissible evidence that any "alteration" as defined by the ADA was undertaken at the subject property after the enactment of the ADA in 1993.

However, even if this Honorable Court were to consider the petition allegedly executed by a partner of Two County Realty, LLC, the document clearly states that the work was performed for the tenant, Exit Realty and not for either of the restaurants that are the subject of this motion. Simply because one tenant allegedly may have made alterations into its leased space does not obligate a landowner to modify the access ways to every leased space on its property. While Two County Realty may be obligated to modify the access way to Exit Realty (assuming plaintiff had proven the existence of an alteration with admissible evidence) that relief is not

being requested in the instant motion. As such, any alleged work performed at Exit Realty should have no bearing with respect to Two County Realty, LLC's obligations in connection with other leased spaces that do not share access ways with Exit Realty. A property owner has an obligation to modify access ways to a unit that has been altered by its tenant, but plaintiffs fail to cite to any case that stands for the proposition that even if one unit is altered that all access ways to every unit in a property need to be modified.

Last, should this Honorable Court entertain the alleged petition signed by a partner of Two County Realty, LLC, attention should be paid to the amount set forth in the petition (which is handwritten and not authenticated rendering it inadmissible) in the amount of $65,000.00. As set for the in the Affidavit of John Becker and its accompanying exhibit, based upon his estimates the total cost including associated fees for the modifications proposed by plaintiff would be approximately $94,500.00 almost $30,000.00 more than the alleged amount contained in the inadmissible petition. In *Roberts v. Royal Atl. Corp.*, supra, the Court noted that the proposed modifications cannot be disproportionate to the overall alleged alterations in terms of cost and scope. *Id* at 372.

Based on the foregoing it is respectfully submitted that plaintiff has failed to meet its initial burden of making a prima facie showing based upon admissible evidence that an alteration as defined by the ADA was undertaken at the subject property after 1993. Further, even if this Court were to consider the inadmissible documents they do not establish that any alteration was performed at the restaurants that are the subject of this motion. Last, the proposed modifications from plaintiff would be disproportionate even if the petition for work at Exit Realty was considered.

It should be noted that plaintiff requested sanctions pursuant to F.R.C.P. 56(h) as a result of Mr. Katos' proposed affidavit that was introduced in Two County Realty LLC's motion for summary judgment that was never actually filed with the Court. Such a request should be denied as no evidence has been submitted that the affidavit was made in bad faith and the affidavit itself was never even submitted to this Court. Further, Rule 56(h) provides for notice and a time to respond, which was never given. As such, the request for sanctions is without merit.

**C. An issue of fact exists with respect to whether plaintiff's proposed modifications are "readily achievable" as defined by the ADA.**

As plaintiff has failed to submit admissible evidence to meet its burden regarding the existence of an alteration at the property and the restaurant areas that are the subject of this motion, his only viable claim for relief left is one based on a failure to remove barriers to accessibility under 42 U.S.C. §12182(b)(2)(A), which applies to facilities that are neither new nor altered.

The ADA in this scenario requires that such a facility remove architectural and structural barriers if such removal is "readily achievable." Seem 42 U.S.C. §12182(b)(2)(A)(4). The term "readily achievable" is defined by 42 U.S.C. §12181(9) as meaning easily accomplishable without much difficulty or expense.[2]

While plaintiff's has submitted documentation indicating that his proposed modifications to the sidewalk/walkway areas to the subject restaurants can be accomplished for approximately $10,000.00, those proposals are in direct contradiction with estimates given by Becker Engineering retained by Two County Realty, LLC who estimated the total cost of such work to be approximately $94,500.00 (See, Affidavit of John Becker and its attachment which is the

---

[2] This affirmative defense is the subject of the Cross Motion to Amend Two County Realty LLC's Answer, however, it should be entertained in the instant opposition in any event as plaintiff raises the issue in his underlying motion papers.

9

actual proposal and materials used to calculate the estimate, contained in the Brill Declaration as Exhibit C). Further, as set forth in the Affidavit of George Kondos annexed to the Brill Declaration as Exhibit B, the Net Operating Income for the subject property in its entirety for 2010 was approximately $148,000.00. As such, the proposed modifications as estimated by Two County Realty, LLC's engineering firm would cost approximately 2/3 of its Net Operating Income after expenses.

Accordingly, a clear issue of fact exists with respect to whether plaintiff's proposed modifications are readily achievable and summary judgment and/or an injunction directing that such work be performed cannot be granted at the present time.

### D. Plaintiff has no standing to argue with respect to any indemnification obligations that may exist between the co-defendants.

The portions of plaintiff's motion in regard to indemnification between the co-defendants should be disregarded in its entirety because plaintiff has no standing with respect to those rights. The cross-claims for indemnity pursuant to contractual lease provisions have nothing to do with plaintiff's alleged injury or discrimination.

Further, plaintiff fails to differentiate between the common law indemnity/contribution and a contractual obligation for indemnification. The legislature and courts have recognized that both a landlord and tenant are liable under the ADA and that common law indemnification/contribution claims may not exist under the ADA since they require an element of fault and both parties are liable. However, any indemnification agreements that were made as part of the lease agreements are legal contracts and not relief being sought under the common law based upon actual fault. The cases cited by plaintiff deal only with the liability of both a landlord and tenant and common law claims, not those for contractual indemnification. Thus,

10

plaintiff has failed to make a prima facie showing that Two County Realty, LLC is not entitled to seek contractual indemnification from its tenants.

**E. As plaintiff has failed to make a prima facie showing of entitlement to summary judgment on his claims under the federal provisions of the ADA, he is not entitled to summary judgment for the state law claims.**

It is clear that plaintiff's state law discrimination claims are predicated upon violations of the ADA. As he has failed to make a prima facie showing of entitlement to summary judgment on those claims, this Court should not exercise its supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(c)(3) for the New York State Law claims.

## CONCLUSION

For the foregoing reasons, Defendant, Two County Realty respectfully requests that this Court grant its motion to amend its complaint and deny plaintiff's motion for summary judgment as plaintiff failed to provide admissible evidence of any alterations and issues of fact exist with respect to whether plaintiff's proposed modifications are readily achievable as defined by the ADA., and for such further relief as this Court deems just and proper.

Dated: New York, New York
March 23, 2011

**BRILL & ASSOCIATES, P.C.**

By: /s Haydn J. Brill
Haydn J. Brill (HB3040)
*Attorneys for Defendant Two County Realty Co.*
111 John Street, Suite 1070
New York, New York 10038
(212) 974-9101

11

*Docket No: 10-CV-1644*
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FREDERICK LOCKHART, individually and on behalf of all others similarly situated,

                                                           Plaintiff,

-against-

CARLOS COREAS, J & E MEAT CORP., MARIA OJEDA, SABRINA'S CHECK CASHING INC., SHAO MEl ZHEN, TROPICAL JERK & SEAFOOD CENTER, INC. and TWO COUNTY REALTY LLC,

                                                           Defendants.

**MEMORANDUM OF LAW IN OPPOSITION AND SEEKING LEAVE TO AMEND**

**BRILL & ASSOCIATES, P.C.**
*Attorneys for Defendant Two County Realty*
111 John Street, Suite 1070
New York, New York 10038
(212) 374-9101

*To:*
Attorney(s) for Defendants

*Service of a copy of the within*                             is hereby admitted.
*Dated:*

                                                ............................................................
                                                *Attorney(s) for*

*PLEASE TAKE NOTICE*
NOTICE OF ENTRY
☐   *that the within is a (certified) true copy of a*
     *duly entered in the office of the clerk of the within named Court on*
NOTICE OF SETTLEMENT
☐   *that an Order*       *of which the within is a true copy will be presented for settlement to*
     *the Hon.*   *one of the judges of the within named Court, at*       , *on*    , *at*    *M.*

*Dated:*

**BRILL & ASSOCIATES, P.C.**
*Attorneys for Defendant Tow County Realty Co.*
111 John Street, Suite 1070
New York, New York 10038
(212) 374-9101
File No.: 1442-DC