Law Offices of
# JAMES E. BAHAMONDE, P.C.
2501 Jody Court
North Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376
James@CivilRightsNY.com

March 28, 2012

BY ECF

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 17 2012 ★

LONG ISLAND OFFICE

Hon. Judge Sandra J. Feuerstein
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      RE.    *Lockhart v. Two County Realty, et al.*
            <u>E.D.N.Y   10cv1644 (SJF)(ETB)</u>

Dear Hon. Judge Feuerstein:

      I represent Plaintiff in the above-referenced matter and respectfully request the court enforce the settlement agreement between Plaintiff and Defendant Two County Realty and award Plaintiff attorneys fees for bad faith breach of the agreement.

      In open court, on June 27, 2011, Plaintiff and Defendant Two County Realty voluntarily entered into a clear, explicit, and unqualified settlement of the above action. (*See* Tr. at 2:24-04:17).[1] In particular, Defendant Two County Realty[2] agreed to make certain accessibility modifications to its premises and pay Plaintiff the amount of $22,500 for attorneys fees. (*See* Tr. at 3).

      Defendant not only has not made any accessibility modifications, it also refuses to compensate Plaintiff the monetary sum due. As Plaintiff's counsel, I have repeatedly contacted Defendant's attorney, Haydn Brill, by voice and e-mail to inquire the status of Defendant's compliance with settlement agreement, however, Mr. Brill has not returned my calls or responded to my e-mails. Defendant's actions demonstrate clearly demonstrates bad faith and should not be permitted. Left with no other alternative, Plaintiff now moves to enforce this settlement agreement.

      This court has the power to enforce a verbal settlement agreements made in open court. *Duran v. J.C. Refinishing Contr. Corp.*, 421 Fed. Appx. 20, 21 (2d Cir. N.Y. 2011)(holding that a District Court has the power to enforce a settlement agreement reached by the parties in court and on the record). Further, regardless if the agreement contains an attorney's fees provision, in the event a party breaches the agreement, the court shall award attorney's fees when the opposing party has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' *N. Fork Country, LLC v. Baker Publ'ns, Inc.*, 436 F. Supp. 2d 441, 447-448 (E.D.N.Y. 2006).

---

[1] Transcript of the court conference dated June 27, 2011 annexed hereto as **Exhibit 1**.
[2] Defendant's agent appeared with his attorney, Haydn Brill.

James E. Bahamonde, P.C.

March 28, 2012
Page - 2 -

Here, Defendant has not complied with any part of the open court agreement and has refused to respond to Plaintiff's repeated communications. In fact, by voice and e-mail, Plaintiff's attorney has notified Mr. Brill of his client's failure to make payment and cautioned that he would seek court intervention and move for attorneys fees.[3] (See **Exhibit 2**; Bahamonde e-mail to Mr. Brill dated September 14, 2011). Nevertheless, since October 5, 2011, Defendant has not responded to repeated telephone and e-mail communications..

Consequently, Plaintiff respectfully requests an order enforcing the open court settlement compelling Defendant to make payment within 10 business days and an award of attorneys fees for Defendant's bad faith and willful breach.

**Attorneys Fees**

If a party acts in bad faith and does not comply with an open court settlement, the nonbreaching party may be entitled to attorneys fees. *N. Fork Country, LLC v. Baker Publ'ns, Inc.*, 436 F. Supp. 2d 441, 447-448 (E.D.N.Y. 2006). Furthermore, regardless if the agreement contains an attorney's fees provision, the court may award attorney's fees when the opposing party has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' *Id.*

Here, Defendant has refused to respond to Plaintiff's communications for more than 6 months. This six-month refusal to even respond can be described as nothing more than deliberate and bad faith. More egregiously is the fact that Defendant is represented by counsel, therefore, regardless of Defendant's actual position, its attorney, Haydn Brill, has the ethical obligation to timely respond. *See* New York State Code of Ethics EC 7-38, EC 7-399. As a result of Defendant's deliberate refusal to respond and comply with the settlement agreement, Plaintiff is entitled to attorneys fees. *See N. Fork Country, LLC*, 436 F. Supp. 2d at 447-448.

In enforcing the settlement agreement, Plaintiff's attorney has expended a total of 6.9 hours. (*See* **Exhibit 3**; Billing report annexed hereto as Exhibit 3). Plaintiff's submission herewith, encompass contemporaneous time and billing records and clearly satisfies these requirements.

To determine the number of hours that are properly compensable, the Court must initially consider the amount of time reasonably spent on each category of tasks, as documented by the contemporaneous time records of the moving party's attorneys. In calculating the number of reasonable hours, the court looks to its own familiarity with the case, its experience with the case, and its experience generally, as well as to the evidentiary submissions and arguments of the parties. *See, Luciano, supra*, at 116; *Pinner v. Budget Mortgage Bankers, Ltd.*, 336 F.Supp.2d 217, 221 (E.D.N.Y. 2004). Further, attorney's fees should be awarded for time spent on this fee application -- so-called "fees on fees." In this State, "fees on fees" are permitted if they are authorized by statute. *See, Hempstead Gen. Hosp. v. Allstate Ins. Co.*, 106 A.D.2d 429 (2nd Dept. 1984), *aff'd* 64 N.Y.2d 958 (N.Y. 1985). Moreover, it is well-settled that time reasonably

---

[3] I left a voicemail message for Mr. Brill on September 14, 17, 26, 30, October 28, and December 5, 2011; I notified Mr. Brill by e-mail on September 14, 15, 16, 26, September 30, October 1, October 5, October 6, November 27, 2011 and March 7, 2012.

**James E. Bahamonde, P.C.**

March 28, 2012
Page - 3 -

spent by plaintiffs' attorneys in establishing their fee pursuant to fee-shifting statutes, such as 42 U.S.C. § 12205, is recoverable. *See, e.g., Pascuiti v. N.Y. Yankees*, 108 F.Supp. 2d 258,273 (S.D.N.Y. 2000) (awarding prevailing plaintiff attorneys' fees for time spent preparing its motion for attorneys fees); *see, Gagne v. Maher*, 594 F.2d 336,344 (2d Cir. 1979), *affd on other grounds*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) ("time reasonably spent by plaintiff's attorneys in establishing their fee" pursuant to fee shifting statutes is "compensable"); *see also, Davis v. City of New Rochelle, N.Y.*, 156 F.R.D. 549, 560 (S.D.N.Y. 1994). The submitted time for preparing this fee application is reasonable and should therefore be compensated.

Here, Plaintiff's counsel charges the hourly rate of $355 per hour to clients who retained the firm on the hourly fee basis. Indeed, the hourly fee charged by Plaintiff's counsel to paying clients is more than reasonable when compared to the hourly fees awarded to counsel in recent, and relatively recent, cases in the New York City metropolitan area. *See, e.g., Rodriguez v. McLaughlin*, 84 F.Supp.2d 417 (S.D.N.Y. 1999) (10 years ago, $425 reasonable hourly rate for partner at civil rights firm); *Moon v. Kwan*, 2002 U.S. Dist. LEXIS 21775 (S.D.N.Y. Nov. 8, 2002) (7 years ago, awarding $350 for experienced civil rights attorney); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 190 F.Supp.2d 407,426 (E.D.N.Y. 2002) rev'd sub nom on other grounds, *Empire Healthchoice, Inc. v. Philip Morris, Inc.*, 393 F.3d 312 (2d Cir. 2004) (seven years ago; statutory fee-shifting; Dewey Ballantine partners' rate of $449-540 did not exceed norm for New York community); *Ursa Minor, Ltd. v. Aon Fin. Prods.*, 2001 U.S. Dist. LEXIS 7455, *18-20 (eight years ago; contractual fee shifting; hourly rates of $450-550 for partners, $335 for senior associates and $285 for mid-level associates within normal New York City range); *Bianco v. Erkins*, 284 B.R. 349, 352 (S.D.N.Y. 2002) (seven years ago; breach of contract; partner rate of $535-595 reasonable).

Further, Plaintiff's attorney has expended 7.6 hours in more than 7 months in his attempt of seeking Defendant's compliance with the settlement agreement. This time is completely reasonable. Accordingly, Plaintiff respectfully request an order compelling Defendant Two County compliance with the settlement agreement and attorneys fees in the amount of **$2,698.00**

Respectfully submitted,

s/

James E. Bahamonde, Esq.

cc:
Defendants by ECF

**Order**
**The application is:**
___ granted
☒ denied *in its entirety.*
___ referred to Magistrate Judge _____ for
___ decision
___ report and recommendation

s/ Sandra J. Feuerstein

_____ 4/17/2012
U.S.D.J.